TOWN OF CONCORD & another *vs.* ATTORNEY GENERAL (and a companion case between the same parties).

Suffolk. April 3, 1957. — May 6, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Attorney General. Municipal Corporations*, By-laws and ordinances. *Zoning. Public Officer. Mandamus. Certiorari. Practice, Civil,* Parties.

Upon judicial review of a disapproval of a town by-law by the Attorney General under G. L. (Ter. Ed.) c. 40, § 32, as appearing in St. 1952, c. 337, the only reasons for disapproval considered are those given by the Attorney General to the town clerk with the notice of disapproval. [21]

In acting under G. L. (Ter. Ed.) c. 40, § 32, as appearing in St. 1952, c. 337, the Attorney General has authority to disapprove a town by-law only for reasons based on legal grounds; he has no authority to disapprove the by-law for the reason that he disapproves the legislative policy thereof. [24]

A purported disapproval of a town by-law by the Attorney General within ninety days after due submission of the by-law to him by the town clerk for approval under G. L. (Ter. Ed.) c. 40, § 32, as appearing in St. 1952, c. 337, was a nullity where it was solely for a reason for which the Attorney General had no authority under the statute to disapprove the by-law, and upon the expiration of the ninety days without any other action by the Attorney General the purported disapproval must be declared void and expunged from his records so that a statement might be entered in the town clerk's records that

the by-law had become effective without the approval of the Attorney General. [26]

Mandamus was an appropriate remedy for an owner of land in a town as a landowner and as a member of the public and for the town to secure a judicial order directing the Attorney General to "revoke ab initio, quash and expunge" invalid action by him purportedly taken under G. L. (Ter. Ed.) c. 40, § 32, as appearing in St. 1952, c. 337, disapproving an amendment of the town's zoning by-law rezoning that land; a petition for a writ of certiorari seeking the same relief was dismissed. [27-28]

A mandamus proceeding purporting to be brought by a town did not fail because the petition was signed by counsel for the petitioner and not by any duly constituted town official. [28]

PETITIONS for a writ of mandamus and for a writ of certiorari, respectively, filed in the Supreme Judicial Court for the county of Suffolk on January 10, 1957.

The cases were reserved and reported by Counihan, J., without decision.

Roger P. Stokey, (Robert E. Goodwin & Marshall Simonds with him,) for the petitioners.

Joseph H. Elcock, Jr., Assistant Attorney General, for the respondent.

WILKINS, C.J.   A purported amendment of a provision of the zoning by-law of the town of Concord was disapproved by an order of the Attorney General.   The petitioners are the town and Macone Brothers, Inc., who own all the land the rezoning of which is in dispute.   The petitions are respectively for a writ of mandamus and for a writ of certiorari, the main prayer in each being for a direction to the respondent to "revoke ab initio, quash and expunge" the order.   To each petition the respondent demurred, the first ground being failure to allege facts on which the requested relief can be granted, and four others being procedural.   The cases are here upon a reservation and report without decision by a single justice.

The petitions contain substantially identical allegations, which may be summarized as follows:   On June 18, 1956, the voters, at a special town meeting duly called and held, unanimously voted to amend § 1 (e) of the zoning by-law by deleting two paragraphs from a subsection entitled

"business districts," and substituting a new paragraph containing a description of an area by metes and bounds. The matter came before the meeting pursuant to article 8 in the warrant. Before the vote was taken there were read the report and favorable recommendation of the planning board of the town. G. L. (Ter. Ed.) c. 40A, § 6, inserted by St. 1954, c. 368, § 2. See Caires v. Building Commissioner of Hingham, 323 Mass. 589, 595.

The report was as follows: "There are in Concord center two business zones that abut each other due to the expansion of one of them several years ago. The purpose of this amendment is to combine these two zones into one description in the by-law. This amendment does not expand these zones, the boundary that has been read by the Moderator is essentially the same boundary that is presently in the Zoning By-Law. The only change made by this amendment is to correct a slight inconsistency in the areas included. This change will convert a small area of land behind Macone's Garage and in front of the Road Dept. Garage from Single Residence C District to Business District. This area is not suited for residence use; it is bounded on three sides by Business Zone; its only access is from Lowell Road across a business zone; it is in part being used for business purposes since most of Macone's Garage buildings are located within this area; it is partly under water a good portion of the year; and it is owned in part by the Town of Concord and in part by Macone Brothers. Situated as it is its only logical use is a business use, therefore, the Planning Board recommends adoption of this amendment for the purposes outlined above and to simplify the wording of the by-law."

On or about July 31, 1956, the town clerk forwarded to the Attorney General, with a request for approval under G. L. (Ter. Ed.) c. 40, § 32, as amended, the following documents: the amendment with the certificate of the town clerk; a copy of the warrant showing the date and the manner by which notice of the warrant was given to the citizens in compliance with the by-laws; a copy of the notice of the

public hearing of the planning board and the date it was held; and the planning board report signed by members, and certification of these members by the town clerk. The Attorney General made no request of the town clerk for further proof of compliance with procedural requirements.

Under date of September 14, 1956, the Attorney General entered the following at the bottom of the certificate of the town clerk: "The foregoing amendment to zoning by-law is hereby disapproved." Under the same date the certificate was returned to the town clerk with a letter signed by an assistant attorney general which read: "I return herewith by-laws adopted by the town of Concord on June 18th, 1956, under articles 8, 9, 10 and 16 with the action of the Attorney General noted thereon. The amendment voted under Article 8 is disapproved for the reason that it unreasonably includes in the area described therein property which is essentially residential property to the serious injury of the owners thereof."

The petitions allege that the reasons stated in the letter of the assistant attorney general are not supported by the facts, which are set forth at some length with a reference to an accompanying plan. Such facts succinctly stated are these: The changed area is not "essentially residential" but is suited only for business use. It is a small parcel of three and one half acres of a shape unsuited for residences and is bounded on three sides by property zoned for business and on the fourth side by Mill Brook. Its only access is across property zoned for business. The area is swampy and subject to frequent flooding. A portion is used for business under nonconforming uses. The petitioners are the only owners of the changed area. They would not sustain "serious injury" but on the contrary would be greatly benefited, as the property is all but worthless commercially.

General Laws (Ter. Ed.) c. 40, § 32, as appearing in St. 1952, c. 337, reads: "*Before a by-law takes effect it shall be approved by the attorney general* [1] or ninety days shall have

---

[1] The italicized words are as this portion of the statute read prior to the amendment by St. 1952, c. 337.

elapsed without action by the attorney general after the clerk of the town in which a by-law has been adopted has submitted to the attorney general a certified copy of such by-law with a request for its approval, together with adequate proof that all of the procedural requirements for the adoption of such by-law have been complied with. If the attorney general does not, within said ninety days, request of such town clerk in writing further proof of such compliance stating specifically wherein such proof is inadequate, it shall be presumed that the proof submitted was adequate. If the attorney general disapproves a by-law he shall give notice to the town clerk of the town in which the by-law was adopted of his disapproval, with his reasons therefor. If a by-law of a town takes effect by reason of the failure of the attorney general to seasonably act upon a request for its approval, the clerk of such town shall enter in his records a statement that the by-law has become effective by reason of such failure of the attorney general to act. . . . This section shall not apply to cities."

The petitioners argue that the reasons for disapproval contained in the letter of an assistant attorney general are not the personal reasons of the Attorney General which the statute requires. It is contended that there was an ineffectual delegation of official duties involving the exercise of discretion and judgment for the public weal. See *Brown* v. *Newburyport,* 209 Mass. 259, 266; *West Springfield* v. *Mayo,* 265 Mass. 41, 43–44; *Sodekson* v. *Lynch,* 298 Mass. 72, 74; *Sheils* v. *Commonwealth,* 306 Mass. 535, 540–541. We do not find it necessary to decide this question. We shall assume, without deciding, that the reasons in the letter are those of the Attorney General.

Under the statute the only reasons to be considered are those given to the town clerk with the notice of disapproval. In the present controversy their meaning is obscure and the subject of conflicting interpretations before us. The petitioners construe the reasons as referring to the changed area of three and one half acres all of which they own. This area they deny is "essentially residential property" or that its

inclusion in a business zone is to their "serious injury." The Attorney General, on the other hand, argues that the reference is to the owners of residential property in the immediate vicinity and not merely to the petitioners. The petitions do not disclose that there are such owners whose "essentially residential" property has just been included in the area described in the amendment. However that may be, we need not resolve the question.

The Attorney General contends that his exercise of the power of approval is final and beyond judicial review. We shall first state the history of St. 1952, c. 337. By St. 1785, c. 75, towns were empowered to enact orders and by-laws "provided they be not repugnant to the general laws of the government; and provided also, such orders and by-laws shall have the approbation of the Court of General Sessions of the Peace of the same county." In Rev. Sts. (1836) c. 15, § 13, this language became: "provided, the said orders and by-laws shall be approved by the court of common pleas for the county, and shall not be repugnant to the laws of the Commonwealth." "Approval or refusal to approve could not be brought to this court for review. *Weymouth, petitioners,* 2 Cush. 335. The court of common pleas or a justice thereof in vacation became the approving authority by St. 1855, c. 222, the Superior Court or a justice thereof in vacation became the authority by St. 1859, c. 196, §§ 3, 15, 55, and Gen. Sts. (1860) c. 18, § 14, and the Attorney General succeeded to the function by St. 1904, c. 344." *Forbes* v. *Woburn,* 306 Mass. 67, 68. Such approval was a condition precedent to validity. Gen. Sts. (1860) c. 18, § 14. Pub. Sts. (1882) c. 27, § 21. R. L. (1902) c. 25, § 26. G. L. c. 40, § 32.

In *Weymouth, petitioners,* 2 Cush. 335, the court of common pleas dismissed the town's petition for the approval of certain by-laws. The original papers show that the reasons given in the order of dismissal were: "(1) Because said by-laws provide for regulating the sale of spirituous liquors; the same being already provided for by the laws of this Commonwealth. (2) Because said by-laws direct that

all fines and forfeitures recovered under the same, be appropriated to the use of the Common School of the town of . Weymouth, whereas all fines and forfeitures for the violation of the license laws by the sale of spirituous liquors belong to the Commonwealth." This court, in holding that the town's appeal was not authorized by statute, said at page 336, "The court of common pleas are to exercise their discretion. Should this court be of a different opinion . . . as to the expediency or legal effect of the by-laws, or the power of the town to make them, . . . this court could not reverse the decision of the court of common pleas and render such judgment as they ought to have given."

It is argued that in the reënactment of G. L. (Ter. Ed.) c. 40, § 32, by St. 1952, c. 337, the Legislature used language which had already been interpreted by the courts as creating a discretionary approval. This argument, we think, does not give adequate weight to the other changes wrought by that statute in the duties of the Attorney General in the approval of town by-laws. In certain circumstances a by-law may now take effect without his approval, namely, where ninety days elapse without action by him after the submission of the by-law by the town clerk with a request for approval. Such submission must be accompanied by "adequate proof that all of the procedural requirements for the adoption of such by-law have been complied with." Unless within the same period of ninety days the Attorney General requests "in writing further proof of such compliance stating specifically wherein such proof is inadequate, it shall be presumed that the proof submitted was adequate." If he disapproves a by-law, he must now give notice to the town clerk with his reasons.

Stress is laid upon G. L. (Ter. Ed.) c. 40A, § 9, inserted by St. 1954, c. 368, § 2, which reads: "When zoning by-laws or any changes therein are submitted to the attorney general for approval as required by section thirty-two of chapter forty, there shall also be furnished to him a statement explaining clearly the by-laws or changes proposed, together with maps or plans, when necessary." This is a substantial

reënactment of earlier legislation. G. L. (Ter. Ed.) c. 40, § 27, first as appearing in St. 1933, c. 269, § 1, and later as appearing in St. 1941, c. 320. To us this is not decisive that the Attorney General is authorized to deal with the policy of a by-law.

The phraseology of statutes conferring upon the Attorney General the power to approve bonds is of no present aid. This function, however, obviously is peculiarly appropriate for the opinion of a lawyer.

Here the stated grounds of disapproval concern entirely legislative policy, and are an expression of individual judgment in opposition to the unanimous vote of the town meeting. If the power to nullify a by-law ever resided in the Attorney General — as to which we make no intimation — we are of opinion that such power did not survive the enactment of St. 1952, c. 337. The requirement that the reasons for disapproval must be given to the town clerk was, we think, to enable the determination in appropriate proceedings whether the by-law was rightly ruled out. See *Bradley v. Board of Zoning Adjustment of Boston*, 255 Mass. 160, 170–172. The only valid reasons for rejection intended are, in our opinion, those based on legal grounds. There could be violations of substantive law, as in *Weymouth, petitioners*, 2 Cush. 335, or a failure to observe procedural requirements, which must be specifically pointed out in writing to the town clerk with a request for further proof of compliance.

The Legislature must have thought that ruling on questions of law permits reasonable scope for the performance of the statutory duty of the chief law officer of the Commonwealth. He is no more likely to be versed in local conditions in all our towns than is a judge of a State wide court. See *Pendergast v. Board of Appeals of Barnstable*, 331 Mass. 555, 557–558. He undoubtedly would be obliged, owing to pressure of duties, to act in most cases, as he did here, with the aid of a subordinate. See *West Springfield v. Mayo*, 265 Mass. 41. Nor would he, by virtue of his office, be as well informed on local issues as the voters in a town meeting, which is "a pure democracy, where the citizens, as to mat-

ters within their jurisdiction, administer the affairs of the town in person." *Wood* v. *Milton*, 197 Mass. 531, 533. *Commonwealth* v. *Hudson*, 315 Mass. 335, 344. See *Wheelock* v. *Lowell*, 196 Mass. 220, 227; *Opinion of the Justices*, 229 Mass. 601, 607–608. In *Caires* v. *Building Commissioner of Hingham*, 323 Mass. 589, where an amendment to a zoning by-law changing a small tract from a residential to a business zone was upheld, we said as to the town meeting: "experience has taught that the good judgment and common sense of the voters can be safely relied upon to reach a correct decision" (page 596); and "It cannot be said that the judgment of those having an intimate knowledge of all the essential factors involved, that the amendment was in the public interest, is entirely lacking in any rational basis. Due regard must be accorded to the collective judgment of those familiar with the locality and the circumstances prevailing in the town" (page 597). In *Burnham* v. *Board of Appeals of Gloucester*, 333 Mass. 114, 117, we again said, "Zoning has always been treated as a local matter and much weight must be accorded to the judgment of the local legislative body, since it is familiar with local conditions." See *Raymond* v. *Commissioner of Public Works of Lowell*, 333 Mass. 410, 414.

It is significant that the duty of approval always has reposed in a court of law or in the Attorney General rather than in some policy making body or officer. While there was no right of appeal from the disapproval of a by-law by a court, certain well settled principles served as a judicial restraint. Every presumption is to be indulged in favor of a by-law. *Brett* v. *Building Commissioner of Brookline*, 250 Mass. 73, 75. *Pittsfield* v. *Oleksak*, 313 Mass. 553, 555. *Burlington* v. *Dunn*, 318 Mass. 216, 220–221. *Lamarre* v. *Commissioner of Public Works of Fall River*, 324 Mass. 542, 545. *Lundy* v. *Wayland*, 328 Mass. 581, 583. *Shannon* v. *Building Inspector of Woburn*, 328 Mass. 633, 637. *Cohen* v. *Lynn*, 333 Mass. 699, 705. *Lexington* v. *Simeone*, 334 Mass. 127, 130. The courts will not substitute their judgment for that of the citizens where the wisdom of their

enactment is fairly debatable. *Simon* v. *Needham*, 311 Mass. 560, 564. *Foster* v. *Mayor of Beverly*, 315 Mass. 567, 571–572. *122 Main Street Corp.* v. *Brockton*, 323 Mass. 646, 649.

The effect of what is alleged to have happened here is the same as if the by-law had been disapproved without giving any reasons. In that event a purported disapproval would have been a nullity. See *Opinion of the Justices*, 294 Mass. 616, 622. There is no statutory provision for action by the Attorney General after the ninety day period has elapsed. His entire function must be performed and his compliance with the statute is to be judged by what he does within that length of time. Upon the allegations the petitioners are entitled to have the purported disapproval declared void and expunged from the records of the Attorney General to the end that there may be entered on the records of the town clerk a statement that the by-law has become effective without the approval of the Attorney General. The first ground of demurrer, which is failure to allege facts on which the requested relief can be granted, is invalid. The question of the remedy remains.

The procedural grounds of the demurrer to the petition for a writ of mandamus are that it is not a proper remedy (2) because it seeks to review discretionary acts of the respondent, (3) because it is alleged that the respondent has acted, (4) because it is not the function of the writ to quash the action of the respondent, and (5) because the petitioners are not the proper parties. It will be convenient to consider these grounds together. As we have said above, the substance of the complaint is that the respondent has acted without statutory authority. We are not dealing with acts within an area of unreviewable discretion, as in *Howe* v. *Attorney General*, 325 Mass. 268, and *Ames* v. *Attorney General*, 332 Mass. 246. Since the Attorney General has no legislative or political powers under § 32, statements relied on in certain cases are not in point. See *Fitzgerald* v. *Mayor of Boston*, 220 Mass. 503, 505–506; *Hayeck* v. *Metropolitan District Commission*, 335 Mass. 372, 375.

In *Attorney General* v. *Suffolk County Apportionment*

*Commissioners,* 224 Mass. 598, there were petitions for writs of mandamus by the Attorney General and by citizens and voters against the respondent commissioners, who had filed an apportionment of the county into representative districts which did not comply with the constitutional requirement that they should apportion "equally, as nearly as may be, according to the relative number of legal voters." In the court's decision (pages 609–610) Chief Justice Rugg said, "Mandamus affords the appropriate form of relief. It is the remedy to which resort usually is had to set aside the illegal performance of duty and to compel the performance of duty according to law, by public officers entrusted with discretionary, administrative or political functions when it is their duty to act. . . .. It is available in proper cases to an individual who is a citizen and voter and thus interested in the execution of the laws. *Brewster* v. *Sherman,* 195 Mass. 222." After stating that the individual petitioners appeared equally entitled, and that only one order need be made, relief was granted in the petition brought by the Attorney General, the order declaring that the apportionment filed was void, and directing the respondents to proceed properly.

The petitioners come within "the principle that where a public officer owes a specific duty to the public to perform some act or service not due the government as such or to administer some law for the public benefit which he is refusing or failing to perform or administer any member of the public may compel by mandamus the performance of the duty required by law." *Kaplan* v. *Bowker,* 333 Mass. 455, 460. See cases cited, particularly *Brewster* v. *Sherman,* 195 Mass. 222; *Brooks* v. *Secretary of the Commonwealth,* 257 Mass. 91, 92–94; *Sears* v. *Treasurer & Receiver General,* 327 Mass. 310, 314–315. And as the owners of the real estate which is the subject matter of the disputed amendment, they have a special right entitling them to maintain the petition. *Sunderland* v. *Building Inspector of North Andover,* 328 Mass. 638, 640. *Pratt* v. *Building Inspector of Gloucester,* 330 Mass. 344, 345. *Carey* v. *Planning Board*

*of Revere,* 335 Mass. 740, 743–744. The town also has a special interest that the properly enacted by-law so appear upon the records of the town clerk. *Lawrence* v. *Commissioners of Public Works,* 318 Mass. 520, 522–523. *Kenyon* v. *Chicopee,* 320 Mass. 528, 536.

The appropriate remedy is by mandamus. The Attorney General's action appears from his notice of disapproval with reasons sent to the town clerk as required by § 32. If otherwise valid, the disapproval and reasons could become effective only when sent to the town clerk. As both petitions cannot be maintained, the petition for writ of certiorari is to be dismissed. See *Flanders* v. *Roberts,* 182 Mass. 524, 529; *Siegemund* v. *Building Commissioner of Boston,* 259 Mass. 329, 334–335; *Parrotta* v. *Hederson,* 315 Mass. 416, 420.

The Attorney General briefly challenges the petitions because it does not appear that the town has authorized these proceedings, the petitions being signed by counsel as attorneys for the petitioners and not by any duly constituted town official. Even if this were a ground of demurrer, the contention is without merit. See *Commonwealth* v. *Hudson,* 315 Mass. 335, 338.

In the petition for a writ of mandamus the demurrer is overruled. The petition for a writ of certiorari is dismissed.

*So ordered.*