JOHN SENKARIK *vs.* ATTORNEY GENERAL.

Worcester. February 6, 1970. — April 7, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Municipal Corporations,* By-laws and ordinances. *Attorney General.*
*Mandamus. Zoning,* Validity, Spot zoning.

Mandamus did not lie to review a disapproval, based on a legal ground,
  by the Attorney General of a proposed by-law of a town submitted to
  him pursuant to G. L. c. 40, § 32. [212]
A proposed amendment of the zoning by-law of a town which would
  allow its zoning board of appeals to grant permits for the construc-
  tion of apartment houses anywhere in the town after considering the
  effects of permits on the neighborhoods and the town at large, would
  authorize spot zoning and would be invalid. [212]

PETITION for a writ of mandamus filed in the Superior
Court on April 25, 1968.

The case was heard by *Meagher, J.*

The case was submitted on briefs.

*Anthony N. Compagnone* for the petitioner Senkarik.

*Robert H. Quinn,* Attorney General, *& David C. Hawkins,*
Special Assistant Attorney General, for the respondent.

SPALDING, J. On December 18, 1967, the town meeting
of Uxbridge adopted an amendment of its zoning by-law
that would allow the zoning board of appeals to grant a
permit for construction of apartment houses anywhere in
the town. The only restriction on the granting of such per-
mit was that the board must consider the effects of a permit
on the neighborhood and town at large.

Under G. L. c. 40, § 32, the amendment was submitted to
the Attorney General for his approval. On March 15, 1968,
the Attorney General disapproved the amendment on the
ground that it authorized spot zoning, in violation of G. L.
c. 40A, § 2, and the principles stated in *Smith* v. *Fall River,*
319 Mass. 341. The petitioner, John Senkarik, a landowner
and taxpayer of Uxbridge, then brought this petition for a
writ of mandamus against the Attorney General, alleging
that his disapproval was unreasonable, arbitrary and ca-

pricious. The petition prayed that the disapproval be quashed. The judge in the court below heard the case on a statement of agreed facts and denied the petition. The petitioner appealed. G. L. c. 213, § 1D.

There was no error.

General Laws c. 40, § 32, empowers the Attorney General to approve or disapprove a by-law submitted to him. A by-law may also become effective if the Attorney General fails to act seasonably on a request for approval. The petitioner does not contend that the Attorney General failed to carry out a statutory duty by not acting on the request for approval (which would in any case have rendered the amendment effective). Rather, his argument is that the Attorney General has acted but did so incorrectly, and he seeks in substance a review of the decision. Mandamus, however, is not the appropriate remedy for the relief the petitioner seeks. The Attorney General's disapproval was authorized by statute and based on legal grounds, as is apparent from his letter of disapproval attached to the agreed statement of facts. It is well settled that mandamus cannot be used to review a purely legal determination thought to be erroneous. *Howe* v. *Attorney Gen.* 325 Mass. 268. *Ames* v. *Attorney Gen.* 332 Mass. 246. To be distinguished is *Concord* v. *Attorney Gen.* 336 Mass. 17, where mandamus was used to rectify an unauthorized disapproval of an amendment of the zoning by-law by the Attorney General under G. L. c. 40, § 32. In that case, review by mandamus was appropriate because the Attorney General's determination had not been made on legal grounds. That is not the situation here.

It follows that the petitioner was not entitled to relief by mandamus and that the petition was rightly dismissed. However, since the result will be the same and the point has been briefed by both sides, we might add that the Attorney General's disapproval of the by-law on the ground that it was repugnant to our decision in *Smith* v. *Fall River,* 319 Mass. 341, was correct.

*Order denying petition affirmed.*