## OPINION OF THE JUSTICES TO THE SENATE.

*Municipal Corporations,* Town meeting. *Elections. Constitutional Law,*
    Town meeting.

Proposed legislation permitting a town to hold town meetings, except
    meetings for the election of officers, in another town would not be
    repugnant to art. 29 of the Amendments to the Massachusetts Con-
    stitution.

On February 16, 1971, the Justices submitted the follow-
ing answers to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of
Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit these answers to the questions in an order adopted
by the Senate on January 12, 1971, and transmitted to us
on January 20. The order recites the pendency before the
Senate, of two bills, viz. a bill entitled, "An Act authorizing
the town of Sherborn to hold town meetings at the Dover-
Sherborn regional school in Dover" (Senate No. 724) and a
bill entitled, "An Act authorizing the holding of town meet-
ings of the town of Pepperell in the North Middlesex re-
gional school building located on the line dividing the towns
of Pepperell and Townsend" (Senate No. 731). A copy of
each bill is submitted with the order, which recites that the
enactment of each bill has, in accordance with art. 89 of the
Amendments to the Constitution of the Commonwealth,
been requested by the town of Sherborn and the town of
Pepperell, respectively, and that the next annual town meet-
ing of the town of Sherborn is scheduled to be held in
February, 1971.

The content of each bill is generally reflected in its title.
Section 1 of Senate No. 724 reads: "The town of Sherborn

may hold town meetings or any adjournments thereof at the Dover-Sherborn Regional School within the town of Dover, provided that any meeting for the election by official ballot of federal, state or other officials shall be held within the town of Sherborn." Section 1 of Senate No. 731 reads: "Notwithstanding the provisions of any law to the contrary, the town of Pepperell, with the approval of the North Middlesex Regional School District Committee, is hereby authorized to hold its regular and special town meetings in the North Middlesex Regional school building which is on the town line dividing the towns of Pepperell and Townsend." Each bill in § 2 provides that it "shall take effect upon its passage."

The order refers to art. 29 of the Amendments to the Constitution of the Commonwealth. The article provides: "The General Court shall have full power and authority to provide for the inhabitants of the towns in this Commonwealth more than one place of public meeting within the limits of each town for the election of officers under the constitution, and to prescribe the manner of calling, holding and conducting such meetings. All the provisions of the existing constitution inconsistent with the provisions herein contained are hereby annulled."

The order then sets forth, among others, the following recitals: (a) that the town of Sherborn is within the Dover-Sherborn regional school district; (b) that the town of Pepperell is within the North Middlesex regional school district; and (c) that grave doubt exists as to the constitutionality of the bills if enacted into law.

The questions are:

"1. Would an act permitting . . . Sherborn to hold the deliberative sessions of its town meetings outside the town limits but within the regional school district of which Sherborn is a member, as provided in . . . Senate No. 724, violate . . . [art. 29] of the Amendments . . . or be inconsistent with the town meeting form of government as contemplated by the Constitution?

"2. Would an act permitting . . . Pepperell to hold its regular and special town meetings outside the town limits but within the regional school district of which Pepperell is a member, as provided in said Senate No. 731, violate . . . [art. 29] of the Amendments . . . or be inconsistent with the town meeting form of government as contemplated by the Constitution?"

We invited briefs from interested persons to be filed by January 29. In response, briefs or other memoranda were filed by the following: The Attorney General, the Senate Counsel, and the town counsel of the town of Sherborn.

The New England town meeting, probably the oldest of American political institutions, came into being within a few years following the settlement of Massachusetts. It seems that town meetings have always been held within the geographic boundaries of the town in order to insure accessibility to all persons qualified to attend. The General Court has over the years enacted legislation which formalized town meeting organization, procedure, powers and duties. Although this process has resulted in important changes from the original colonial pattern, the town meeting traditionally has retained many of its ancient characteristics, including its location. See 1962 House Doc. No. 3687.

Town meetings in Massachusetts have two basic functions: (1) their part in the election process, and (2) their function as the legislative arm of each Massachusetts town. These two basic functions may be performed in the same session of an open town meeting, or in separate "election" and "business" (or "deliberative") sessions of the town meeting held at different times and places under the same warrant. The election portion of limited town meetings, and the election and business phases of open town meetings, are open to all residents of the town who have been duly registered as voters therein. Annual town elections for the choice of town officers must be held as part of the annual town meeting in February, March or April pursuant to town by-laws, unless some other month is specified by

special law. G. L. c. 39, § 9; c. 41, § 1. Towns with open town meetings may elect these officers at the same session of the town meeting at which other business is transacted, using improvised ballots for the purpose. As the legislative body of the town, the town meeting may enact by-laws relating to a wide variety of matters. See e. g. G. L. c. 40, § 21. The town meeting votes appropriations and authorizes borrowing. (G. L. c. 40, § 5; c. 44). The town meeting may be held in more than one meeting place simultaneously if these places are connected by a public address system which permits all voters present to participate in the proceedings (G. L. c. 39, § 10).

We are of opinion that Senate No. 724 is not repugnant to art. 29 of the Amendments. It has long been recognized that the Legislature has extensive powers over cities and towns. In *Commonwealth* v. *Hudson*, 315 Mass. 335, 345, it was stated that "the powers of a town and of its town meeting, and the very existence of the town, are subject to the will of the Legislature." See *Boston, petitioner*, 221 Mass. 468, 477–478. We are aware that art. 29 has been interpreted by former Attorneys General as presenting a possible constitutional limitation upon the Legislature's authority to permit town meetings outside of town limits. See Op. A. G. (Pub. Doc. No. 12) 1962, p. 27; Op. A. G. (Pub. Doc. No. 12) 1968, p. 160. Article 29, however, refers only to public meetings "for the election of officers under the constitution." The town is the unit for voting purposes recognized by the Constitution and "[a]n amendment [art. 29] was required to permit the division of a town into voting precincts." *Opinion of the Justices*, 229 Mass. 601, 609. The history of the town meeting indicates that the election and legislative functions are distinct. Article 29, adopted in 1885, makes no reference to meetings for other than election purposes. Its purpose is indicated by St. 1886, c. 264, entitled, "An Act to provide for precinct voting in towns." We read art. 29 as requiring holding within the town's geographical limits meetings for certain elections but not as thus limiting the area within which may be held

"deliberative" or "business" sessions of town meetings not involving such elections.

The opinions of former Attorneys General concerning art. 29, already cited, place some weight on the long standing custom of holding town meetings within town limits. We are not persuaded that this tradition means that the Legislature is constitutionally bound to follow past custom with respect to deliberative sessions of town meetings.

We assume that enactment of the bills will be in compliance with art. 89 of the Amendments (the Home Rule Amendment) so far as applicable, a matter which we do not consider. We also have not considered the effect of art. 29 beyond answering the questions.

To avoid a possible conflict with art. 29, Senate No. 731 should, we believe, contain a proviso, similar to the one in Senate No. 724, to the effect that meetings for the election of officials shall be held within town limits. Also, we have been informed by Senate Counsel that there is an error in the text of Senate No. 731 as to the location of the North Middlesex Regional School building; we assume this will be corrected to properly describe the location of the regional school.

We answer question 1, "No."

We answer question 2, "No," subject to the addition of the proviso and correction previously mentioned.

G. JOSEPH TAURO.
JOHN V. SPALDING.
R. AMMI CUTTER.
JACOB J. SPIEGEL.
PAUL C. REARDON.
FRANCIS J. QUIRICO.
ROBERT BRAUCHER.