### TOWN OF READING *vs.* ATTORNEY GENERAL.

Suffolk. April 4, 1972. — June 29, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Mandamus. Certiorari. Attorney General. Municipal Corporations,* By-laws and ordinances. *Practice, Civil,* Amendment.

Certiorari and not mandamus is the proper remedy to review the disapproval by the Attorney General of a town by-law submitted to him establishing a municipal liquor agency with "authority to apply for, receive and operate under a license" for a retail liquor store where the town alleged his action was without authority or erroneous as a matter of law. [267–270]

PETITION for a writ of mandamus filed in the Supreme Judicial Court for the county of Suffolk on November 26, 1969.

The case was reserved and reported by *Quirico,* J.

*James W. Killam, III,* Town Counsel, for the petitioner.
*Terence P. O'Malley,* Assistant Attorney General (*James P. Kiernan,* Assistant Attorney General, with him) for the respondent.

TAURO, C.J. The town of Reading in its petition seeks a writ of mandamus ordering the respondent to revoke his disapproval of a certain by-law submitted to him under the provisions of G. L. c. 40, § 32, as amended through St. 1967, c. 308,[1] and to notify the clerk of the

---

[1] The statute provides in pertinent part: "Before a by-law takes effect it shall be approved by the attorney general or ninety days shall have elapsed without action by the attorney general after the clerk of the town in which a by-law has been adopted has submitted to the attorney general a certified copy of such by-law with a request for its approval, together with adequate proof that all of the procedural requirements for the adoption of such by-law have been complied with. . . . If the attorney general disapproves a by-law he shall give notice to the town clerk . . . with his reasons therefor."

town accordingly. A single justice heard the case on the respondent's demurrer and has reserved and reported it without decision to the full court. G. L. c. 211, § 6.

The petition sets forth the following allegations: On March 20, 1967, the town duly adopted a by-law establishing a municipal liquor agency with "authority to apply for, receive and operate under a license" for a retail liquor store. Pursuant to G. L. c. 40, § 32, as amended, the town clerk on April 2, 1969, forwarded the text of the by-law, together with "[c]ertificate of proper adoption," to the respondent for his approval. On July 2, 1969, the respondent disapproved the by-law on the grounds that G. L. c. 138 sets up a complete scheme for the regulation of the sale of alcoholic beverages and does not permit a municipal agency to become the licensee of a liquor store and, therefore, that the by-law was "inconsistent" with G. L. c. 138 and also contrary to the Home Rule Amendment (Massachusetts Constitution, art. 89 of the Amendments) which prohibits municipal legislation in matters reserved by constitutional or statutory provisions to the General Court.

The petition further alleges that the respondent, in basing his disapproval in part on constitutional grounds, has acted "in excess of the authority granted" him by G. L. c. 40, § 32, or, in the alternative, that his action was erroneous as matter of law.

The sole issue presented by the demurrer is whether mandamus is the proper method for obtaining judicial review of the respondent's disapproval. The petitioner contends that mandamus should lie to review the action of the Attorney General in disapproving a by-law if it is alleged either that his action was without authority or merely that it was in error. This contention would in effect make mandamus the proper writ to review any disapproval of the Attorney General under G. L. c. 40, §32, regardless of the circumstances in which it was given. We cannot agree.

In *Concord* v. *Attorney Gen.* 336 Mass. 17, the only case cited by the petitioner, this court was called upon to review the Attorney General's disapproval of a by-law where the reason given for disapproval amounted to "an expression of . . . [the Attorney General's] individual [personal] judgment" (p. 24) rather than his considered legal opinion. There, in contrast to the instant case, no allegation was made that the disapproval was unsupported by law. We held first that, at least since the amendment of G. L. c. 40, § 32, by St. 1952, c. 337,[2] a person aggrieved by the Attorney General's disapproval of a by-law could, through *"appropriate proceedings,"* obtain a judicial determination of whether the by-law was "rightly ruled out" (emphasis supplied). At 24. Since the petitioners sought review both by writ of mandamus and by writ of certiorari, it was also necessary to consider which writ was the appropriate remedy to pursue. At 26–28. On this issue, we found the following statement of Chief Justice Rugg in *Attorney Gen.* v. *Suffolk County Apportionment Commrs.* 224 Mass. 598, 609–610, to be dispositive: *"Mandamus . . . is the remedy* to which resort usually is had *to set aside the illegal performance of duty* and to compel the performance of duty according to law, by public officers entrusted with discretionary, administrative or political functions when it is their duty to act" (emphasis supplied).[3] We, therefore, in the *Concord* case overruled the

---

[2] The 1952 amendment made certain changes in G. L. c. 40, § 32. "[By virtue of the amendment, i]n certain circumstances a by-law may now take effect without his approval, namely, where ninety days elapse without action by him after the submission of the by-law by the town clerk with a request for approval. Such submission must be accompanied by 'adequate proof that all of the procedural requirements for the adoption of such by-law have been complied with.' Unless within the same period of ninety days the Attorney General requests 'in writing further proof of such compliance stating specifically wherein such proof is inadequate, it shall be presumed that the proof submitted was adequate.' If he disapproves a by-law, he must now give notice to the town clerk with his reasons." See *Concord* v. *Attorney Gen.* 336 Mass. 17, 23.

[3] Although the emphasized language is general, it should perhaps be noted in retrospect that, under the statute controlling the *Suffolk County Apportionment Commrs.* case, mandamus was expressly provided as a remedy to enforce the election laws. See St. 1913, c. 835,

demurrer to the petition for mandamus, and then because "both petitions . . . [could not] be maintained,[4] [we dismissed] the petition for writ of certiorari." P. 28.

Although mandamus was allowed in the *Concord* case to review an action taken by a public officer allegedly in excess of his statutory authority, the rule commonly laid down is "that mandamus is a remedy for [administrative] inaction and [is] not available where action has already been taken" (*Rines* v. *Justices of the Superior Court*, 330 Mass. 368, 373). See *Harding* v. *Commissioner of Ins.* 352 Mass. 478, 480; Mottla, Civil Practice (3d ed.) § 1384. See generally High, Extraordinary Remedies (3d ed.) § 24. In the absence of a statutory method of judicial review, certiorari is an appropriate mode for correcting errors of law arising out of an administrative action. *Howe* v. *Attorney Gen.* 325 Mass. 268, 270. *School Comm. of Salem* v. *Civil Serv. Commn.* 348 Mass. 696, 697–698. *Boston Edison Co.* v. *Selectmen of Concord*, 355 Mass. 79, 82–83. Mottla, *supra*, at §§ 1354–1362. Under our present system of extraordinary remedies (see G. L. c. 249, §§ 4, 5), the interests of justice will be best served by maintaining, to the greatest extent possible, a clear line of distinction between mandamus and certiorari. We should not, therefore, expand the novel application of mandamus in the *Concord* case to a new situation even if the differences, as here, are only slight. We hold that certiorari, and not mandamus, will lie in the instant case to review the

---

§ 502 (now G. L. c. 56, § 69, as appearing in St. 1946, c. 537, § 11). The correctness of Chief Justice Rugg's observation is beyond dispute as applied to enforcement of the election laws. It is also true that mandamus fulfills a similar function in the area of building and zoning code enforcement. See *Atherton* v. *Selectmen of Bourne*, 337 Mass. 250, 257; *Ouellette* v. *Building Inspector of Quincy*, *post*, 272, 277, n. 8. Outside these areas, however, mandamus lies to compel an official to do his duty but not to correct errors in the performance of a duty. For an historical examination of the use of mandamus in Massachusetts, see Brown, The Use of Extraordinary Legal and Equitable Remedies to Review Executive and Administrative Action in Massachusetts, 21 B. U. L. Rev. 632, 634–663.

[4] See *Flanders* v. *Roberts*, 182 Mass. 524, 529; *Siegemund* v. *Building Commr. of Boston*, 259 Mass. 329, 334–335; *Parrotta* v. *Hederson*, 315 Mass. 416, 420.

respondent's disapproval of the town's by-law. Cf. *Sen-karik* v. *Attorney Gen.* 357 Mass. 211, 212.

It is plainly desirable to eliminate wasteful litigation on account of the wrong choice of remedy.[5] An exclusive mode of judicial review for administrative action perhaps should be established as some authorities suggest.[6] See, e.g., Davis, Administrative Law, §§ 24.01, 24.06.

In adopting an administrative procedure act for Massachusetts, the General Court in 1954 declined to follow the Federal example under which there is a single, statutory form of judicial review for all "agency action[s]." [7] Administrative Procedure Act, § 9 (now 5 U. S. C. §§ 701–706 [1970]). Our State Administrative Procedure Act is thus limited in scope to the review of "agency decision[s]" made in an "adjudicatory proceeding." See G. L. c. 30A, §§ 1 (1), 14. See also Curran and

---

[5] There has been scholarly criticism of State court decisions which, for purposes of judicial review of administrative action, perpetuate distinctions between the various extraordinary remedies. See Davis, Administrative Law, §§ 24.01–24.07; Jaffe, Judicial Control of Administrative Action, 165–192. Kenneth Culp Davis states in his treatise: "No branch of administrative law is more seriously in need of reform . . . . The most serious consequence of the system [of extraordinary remedies] is the myriad of cases which fail to reach the merits. Almost as grievous a fault is the concentration of effort of counsel and of courts on the solution of false problems. . . . The cure is easy. Establish a single, simple form of proceeding for all review of administrative action. . . . Get rid of extraordinary remedies as means of review." Davis, *supra*, § 24.01 at 388–389. Also, see Jaffe, *supra*, at 177–178, where the author states, "It is often said that mandamus is not available unless there is no other adequate remedy at law as, for example, statutory appeal or certiorari. But in certain cases it may not be clear that certiorari will lie. As we have seen, there are courts which do not allow certiorari unless the proceeding to be reviewed is quasi-judicial in the special, and not always obvious, sense used by them. A baffled lawyer may bring mandamus when it should have been certiorari or vice-versa."

[6] A step in this direction is 1972 Senate Bill No. 24, §§ 52, 229–231, which proposes to amend G. L. c. 211, § 3, and c. 249, in conformity with the proposed rules of civil procedure. These rules, among other things, would abolish all extraordinary writs and would establish a single form of action in civil proceedings. See Massachusetts Proposed Rules of Trial and Appellate Procedure, Rules 2, 81 (b).

[7] Under the Federal Administrative Procedure Act, the definition of "agency action" is very broad: " 'agency action' *includes* the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act" (emphasis supplied). 5 U. S. C. §§ 551 (13), 701 (2) (1970).

Sacks, The Massachusetts Administrative Procedure Act, 37 B. U. L. Rev. 70, 93–97; Davis, *supra*, § 24.06, at 820 (1970 Supp.). Where there has been no adjudicatory proceeding, resort must be had to the declaratory judgment procedure provided by G. L. c. 231A, or to the extraordinary remedies of mandamus or certiorari under G. L. c. 249, §§ 4, 5. See also G. L. c. 211, § 3, first paragraph.

While maintenance of a clear line of distinction between mandamus and certiorari will in our opinion do much to ameliorate the problems inherent in the current system which offers a choice of remedies, we recognize that there will still occur instances in which lawyers will be uncertain as to which remedy to bring. In many instances, litigants need not bring either mandamus or certiorari but may instead seek a declaratory judgment. G. L. c. 231A. Another approach is to seek a plurality of remedies as was done in *Concord* v. *Attorney Gen.* 336 Mass. 17, and in *Connolly* v. *Alcoholic Beverages Control Commn.* 334 Mass. 613, 614, 619–620. See *Davis, supra*, § 24.06, at 425. Even if a litigant files a petition for a writ of certiorari where mandamus lies, or vice versa, he is not in an insurmountable procedural snare. He may simply move to amend from a petition for one writ to a petition for the other. G. L. c. 213, § 1C, inserted by St. 1943, c. 374, § 4. If the litigant wishes declaratory or other relief as well, he should bring his motion under the more comprehensive provisions of G. L. c. 231, § 51. See *Attorney Gen.* v. *Henry*, 262 Mass. 127, 129–130.

An order is to be entered sustaining the respondent's demurrer. If the petitioner, within ten days after rescript, shall file in the county court a motion to amend the petition into a petition for a writ of certiorari, declaratory relief, or other appropriate remedy, the motion is to be allowed and the case is to stand for further proceedings. If such motion is not so filed, judgment dismissing the petition is to be entered.

*So ordered.*