Lowy, J.
Background
On February 7, 2001, the Town of Beverly Charter Commission (“the Commission”), pursuant to G.L.c. 43B, §9 (the Home Rule Procedures Act), forwarded a preliminary majority report (“preliminary report”) to the Office of the Attorney General listing proposed revisions to Chapter 157 of the Acts of 1852. The main purpose of the revisions was to open access of an area known as “West Beach” to all residents of Beverly.
On March 13, 2001, the Attorney General issued a twenty-one page advisory opinion (“advisory opinion”) on the preliminary report. Specifically, the advisory opinion stated that the revisions contained in the preliminary report “conflict with the laws and the Constitution of the Commonwealth for the reason that Chapter 157 is not a special, law with the force of charter (a Section 9 law) and is thus not amendable in accordance with the provisions of the Home Rule Amendment and the Home Rule Procedures Act (G.L.c. 43B).”
On June 28, 2001, the plaintiffs filed a complaint for equitable relief with this Court, pursuant to G.L.c. 43B, §14(1), asserting that the advisoiy opinion violated the Attorney General’s duty under Chapter 43B. Plaintiffs ask this Court to nullify the advisory opinion and order the Attorney General to expunge it from its records. The Attorney General now moves to dismiss.
Discussion
The plaintiffs bear the burden to demonstrate that the Attorney General’s actions constitute a violation of the Home Rule Procedures Act. Tiberio v. Town of Methuen, 364 Mass. 578, 580 (1974). Under the Act, within four weeks of his receipt of a charter commission report, the Attorney General “shall furnish the commission with a written opinion setting forth any conflict between the proposed charter or charter revision and the constitution or the laws of the Commonwealth.” G.L.c. 43B, §9(b). The Attorney General fulfilled this exact mandate by issuing the twenty-one page advisory opinion on March 13, 2001.
Plaintiffs’ reliance on Town of Concord v. Attorney General, 336 Mass. 17 (1957), and Town of Amherst v. Attorney General, 398 Mass. 793 (1986), is inapposite. Those cases involved the Attorney General’s review of town by-laws pursuant to G.L.c. 40, §32. Under that statutory scheme, the Attorney General has the duty to review, and the power to approve or disapprove, a town by-law. Under G.L.c. 43B, §9(b), however, the Attorney General’s role is more limited to the issuance of an opinion, that is advisory only, as to whether the proposed charter or charter revisions are consistent with the constitution and the laws of the Commonwealth. Indeed, the issuance of the opinion does not preclude the Beverly City Council from putting the charter revision on the ballot or carry with it any constitutional or statutory impediment to adoption of the proposed charter change.
In the instant case, the Attorney General explicitly stated on page one of his advisory opinion that such opinion constituted neither approval nor disapproval of the proposed revisions. The Attorney General’s only *481 statutory duty was to furnish a written opinion setting forth any conflict between the proposed charter and the constitution and laws of the Commonwealth. This he did.
The plaintiff contends that the Attorney General’s opinion made certain factual determinations that substituted his judgment for that of the Commission. Even were that contention true, the appropriate procedure would appear to be certiorari for failure to issue an opinion regarding the charter commission report rather than a court order that the Attorney General nullify and expunge his official record of the opinion. Town of Reading v. Attorney General, 362 Mass. 266, 269 (1972) ("In the absence of a statutory method of judicial review, certiorari is an appropriate mode for correcting errors of law arising out of administrative action”).
Since the facts of the complaint, even if assumed to be true, fail to establish that the Attorney General violated G.L.c. 43B, §9(b), it must be dismissed.
ORDER
It is hereby ordered that defendant Attorney General Reilly’s Motion to Dismiss is ALLOWED.