WILLIAM T. HOWE & others *vs.* ATTORNEY GENERAL.

Suffolk.   December 9, 1949. — February 3, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Mandamus.   Constitutional Law,* Initiative.   *Attorney General.*

Mandamus did not lie to compel the Attorney General to certify an initiative petition under art. 74, § 1, of the Amendments to the Massachusetts Constitution after he had refused to certify it for reasons which he specified.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on October 13, 1949.

The case was reserved and reported by *Williams,* J., without decision.

The case was submitted on briefs.

*C. H. McGlue,* for the petitioners.

*F. E. Kelly,* Attorney General, *& H. P. Fielding,* Assistant Attorney General, for the respondent.

WILKINS, J. The petitioners are the original signers of an initiative petition entitled, "An Act to provide for the establishment, control and regulation of certain state-owned liquor stores, and for the control and regulation of sales of all liquor, wine and malt beverages within the commonwealth." They now seek a writ of mandamus commanding the respondent to certify that the initiative petition is in "proper form for submission to the people, and that the measure is not, either affirmatively or negatively, substantially the same as any measure which has been qualified for submission or submitted to the people at either of the two preceding biennial state elections, and that it contains only subjects not excluded from the popular initiative and which are related or which are mutually dependent."[1]

The initiative petition, signed by ten qualified voters of the Commonwealth, was seasonably submitted to the Attorney General in July, 1949. On September 27, 1949, the Attorney General declined to certify it, and advised the

[1] This quotation is from art. 74, § 1, of the Amendments to the Constitution of the Commonwealth, which reads as follows: "Article XLVIII of the amendments to the constitution is hereby amended by striking out section three, under the heading 'THE INITIATIVE. II. Initiative Petitions.', and inserting in place thereof the following: — Section 3. Mode of Originating. — Such petition shall first be signed by ten qualified voters of the commonwealth and shall be submitted to the attorney-general not later than the first Wednesday of the August before the assembling of the general court into which it is to be introduced, and if he shall certify that the measure and the title thereof are in proper form for submission to the people, and that the measure is not, either affirmatively or negatively, substantially the same as any measure which has been qualified for submission or submitted to the people at either of the two preceding biennial state elections, and that it contains only subjects not excluded from the popular initiative and which are related or which are mutually dependent, it may then be filed with the secretary of the commonwealth. The secretary of the commonwealth shall provide blanks for the use of subsequent signers, and shall print at the top of each blank a fair, concise summary, as determined by the attorney-general, of the proposed measure as such summary will appear on the ballot together with the names and residences of the first ten signers. All initiative petitions, with the first ten signatures attached, shall be filed with the secretary of the commonwealth not earlier than the first Wednesday of the September before the assembling of the general court into which they are to be introduced, and the remainder of the required signatures shall be filed not later than the first Wednesday of the following December."

petitioners as follows: "I find that the measure and the title thereof set forth in the within petition are not in 'proper form for submission to the people' as the quoted words are used in Article XLVIII of the Amendments to the Constitution,. The Initiative, Pt. II, Initiative Petitions, section 3, as amended by Article LXXIV of the Amendments to the Constitution, and that the said measure relates to matters excluded from proposal by an initiative petition. For the foregoing reasons I decline to certify the same."

These facts are from the pleadings and a statement of agreed facts, upon which, at the request of the parties, the case is reported without decision. G. L. (Ter. Ed.) c. 211, § 6; c. 231, § 111.

The question to be determined first is the propriety of the remedy. This is not a case where the respondent has failed to take any action. He has acted, and he has refused to certify the petition. What the petitioners really contend is that he has acted incorrectly, and they seek in substance a review of his decision. They pray that he be required to act in a particular manner and in a different manner from that in which he has acted. For such a purpose mandamus is not an appropriate remedy. *Crocker* v. *Justices of the Superior Court*, 208 Mass. 162, 164–165. *Milton* v. *Auditor of the Commonwealth*, 244 Mass. 93, 96. *Leigh* v. *Commissioner of Public Health & Charities of Lawrence*, 310 Mass. 343, 344. It is the function of a writ of certiorari upon a proper and adequate return of the proceedings to correct substantive errors of law by a judicial or quasi judicial tribunal which are not otherwise reviewable by a court. G. L. (Ter. Ed.) c. 249, § 4, as amended by St. 1943, c. 374, § 1. *Maher* v. *Commonwealth*, 291 Mass. 343, 345. *Miami Grove Inc.* v. *Licensing Board for Boston*, 312 Mass. 318, 324. Compare *Horton* v. *Attorney General*, 269 Mass. 503, 507–508; *Bowe* v. *Secretary of the Commonwealth*, 320 Mass. 230. The offices of the writs of mandamus and of certiorari are distinct, and one may not be employed to perform the peculiar function of the other. *Scudder* v. *Selectmen of Sandwich*, 309 Mass. 373, 377.

No motion to amend has been filed pursuant to G. L. (Ter. Ed.) c. 213, § 1C, as inserted by St. 1943, c. 374, § 4. If certiorari would be an appropriate remedy, which we do not intimate, this would not be an appropriate case for amendment, as the time fixed by the Constitution for filing additional signatures, which was the first Wednesday of December before the assembling of the General Court at which the petition was to be introduced, has expired.

*Petition dismissed.*