ALICE R. HARDING vs. COMMISSIONER OF INSURANCE
& others.

Worcester.     April 5, 1967. — April 28, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& REARDON, JJ.

*Retirement.  Mandamus.*

Death benefits under G. L. c. 32, § 9 (1), were not to be awarded to the
widow of a former municipal employee who died some years after he
had been retired for accidental disability where there was no finding by
the retirement board that his death was the natural and proximate re-
sult of an injury on account of which he had been retired and no evi-
dence warranting such a finding was presented to the board.    [480]
Mandamus does not lie to compel a public officer to take action favorable
to the petitioner in a matter after the respondent has acted in the matter
unfavorably to the petitioner.    [480]

PETITION for a writ of mandamus filed in the Supreme
Judicial Court for the county of Worcester on August 13,
1965.

After transfer of the case to the Superior Court it was
heard by *Moynihan*, J.

*Marvin K. Rasnick (John F. Killeen* with him) for the
petitioner.

*Paul N. Gollub*, Assistant Attorney General (*Herbert E.
Tucker, Jr.*, Assistant Attorney General, with him), for the
Commissioner of Insurance & another.

WILKINS, C.J.    This petition for a writ of mandamus
seeks to require the respondents the Commissioner of In-
surance and the Actuary of the Division of Insurance to
approve the amount of accidental death benefits awarded by
the respondent retirement board of the city of Worcester.
A judge of the Superior Court filed findings of fact, rulings
of law, and an order for judgment dismissing the petition.

The petitioner is the widow of Edward T. Harding, who
had been a firefighter in the fire department of the city for

fourteen years prior to September 3, 1958. On that date he filed with the respondent retirement board an application for accidental disability retirement. A member of the contributory retirement system, he received a wrist injury on October 13, 1950, while in the performance of his duties. A medical panel made a finding that he had post traumatic pain and a past arthrodesis of the right wrist and was incapacitated for further duty. On October 30, 1958, the respondent board voted to retire him for accidental disability. The board transmitted to the division a copy of its vote, the report of the medical panel, a form giving as "Type of accident" the statement "Possible fracture of right wrist," and a computation of the retirement allowance. The computation was approved by the division.

On September 3, 1963, Harding died. In the following December the petitioner applied to the board for accidental death benefits under G. L. c. 32, § 9 (1) (inserted by St. 1945, c. 658, § 1).[1] On July 30, 1964, the board voted to grant the application. There were available to the board the original file relating to retirement for accidental disability, a death certificate, and a hospital report. The last mentioned document set forth a final diagnosis of "Carcinoma, right kidney with metastasis to lung, abdominal wall, and abdominal viscera." The records of the board contain no finding that death was the natural and proximate result of the injury or hazard on account of which he was retired, although such a finding is required by § 9 (1). There was no evidence presented to the board which would have warranted such a finding.

After its vote of July 30, 1964, the board transmitted the file to the division. The general counsel for the division twice wrote the board pointing to the legal requirement of

---

[1] § 9 (1). "If the board, upon receipt of proper proof, finds that any member in service died as the natural and proximate result of a personal injury sustained or a hazard undergone as a result of, and while in the performance of, his duties . . . the payments and allowances hereinafter referred to in this section shall be granted . . . . The provisions of this section shall apply although such member had previously been retired for accidental disability if the board finds that such death was the natural and proximate result of the injury or hazard on account of which such member was retired."

the finding.  No such finding was transmitted to the division, which has refused to approve the computation, not because of incorrect figures but because of failure to comply with § 9 (1).

The judge ruled that the action of the board in granting accidental death benefits was in flagrant disregard of § 9 (1).  He found that it would not be in the public interest to order the respondent commissioner and actuary to approve the action of the board, and denied the petition as a matter of discretion.  See *Snyder, petitioner,* 284 Mass. 367, 369.  He ordered judgment to enter dismissing the petition.  The petitioner excepted.

The judge's decision was correct in all respects.  The respondents, other than the board, had acted in accordance with the duties imposed on them by G. L. c. 32, §§ 1–28. Mandamus is not an appropriate remedy to obtain a review of the decision of public officers who have acted and to command them to act in a new and different manner.  *Howe* v. *Attorney Gen.* 325 Mass. 268, 270, and cases cited.

The respondent board is placed above the law by the petitioner's arguments.  There is no occasion to give a lengthy statement in opposition to her claim.  To avoid such a rudimentary presentation the case is appropriate for the denial, without more, of the discretionary remedy sought to be employed.

*Exceptions overruled.*