COMMONWEALTH *vs.* NICOLA COSTA. March 27, 1968. The defendant was convicted in the Fourth District Court of Berkshire on a complaint that "being the father of two illegitimate children of Marilyn Johnson . . . [he] did neglect or refuse to contribute reasonably to their support and maintenance in violation of . . . [G. L. c. 273, § 15]," and was "adjudicated the father of these children." Upon appeal to the Superior Court he was again convicted. The case comes here on the defendant's exceptions to the admission of certain evidence and the denial of his motion for a directed verdict. Marilyn Johnson, called as a witness by the Commonwealth, testified that the defendant "was not the father of the children." The defendant took exceptions to the admission in evidence of prior inconsistent statements made by Marilyn Johnson to the judge of the District Court and to an investigator of the Public Welfare Department of the town of Adams to the effect that the defendant was the father of the two children. The defendant did not request the trial judge to "instruct the jury that the prior inconsistent statements would be admissible on the grounds of credibility only." If there had been a request, instruction should have been given that (see Leach and Liacos, Handbook of Massachusetts Evidence [4th ed.] 118; see also *Leavitt* v. *Maynes,* 228 Mass. 350, 353–354) the evidence would be considered only as it affects the weight to be accorded the witness' testimony. It was, in any event at most, only cumulative. There was also testimony by two other witnesses that Marilyn Johnson admitted on prior occasions that the defendant was the father of the two children. The defendant did not object to the admission of this evidence and it was entitled to its "natural probative force." See *DuBois* v. *Powdrell,* 271 Mass. 394, 397; *Regan* v. *John J. Amara & Sons Co.* 348 Mass. 734, 737. There was no error.

*Exceptions overruled.*

*Paul A. Tamburello* for the defendant.
*Leonard E. Gibbons,* Assistant District Attorney, for the Commonwealth.


THOMAS A. KENT *vs.* CIVIL SERVICE COMMISSION & another. March 28, 1968. The demurrer to the petition for writ of mandamus to require reversal of the respondents' action on the petitioner's application and examination was rightly sustained. The respondents having acted, mandamus is not an appropriate remedy. *Howe* v. *Attorney Gen.* 325 Mass. 268, 270, and cases cited. *Harding* v. *Commissioner of Ins.* 352 Mass. 478, 480.

*Order sustaining demurrer affirmed.*

The case was submitted on briefs.
*Thomas A. Kent,* pro se.
*Edward W. Hanley, III,* Deputy Assistant Attorney General, & *Carol H. Claff,* Legal Assistant to the Attorney General, for the respondents.