ROBERT W. HERSEY *vs.* BOARD OF SELECTMEN OF MONSON & another. March 8, 1972. A discharged police officer of the town of Monson has brought this petition for a writ of mandamus for a hearing on charges which caused the board of selectmen to dismiss him. This action followed a hearing by the board set for a time certain which was somewhat delayed. The petitioner left with his counsel and witnesses and did not participate in the hearing. After hearing, the petition was denied and the petitioner appealed. There was no error. In similar matters where action has already been taken, as was the case here, we have hitherto held that mandamus is not an appropriate remedy. *Howe* v. *Attorney Gen.* 325 Mass. 268, 270. *Harding* v. *Commissioner of Ins.* 352 Mass. 478, 480. *Kent* v. *Civil Serv. Commn.* 354 Mass. 757.

*Order for judgment affirmed.*

The case was submitted on briefs.

*Leonard R. Skvirsky* for the petitioner.

*George B. Adams* for the respondents.


LYNNE WISWALL *vs.* KENNETH C. WISWALL (and a companion case[1]). March 13, 1972. In these cases, the wife seeks a decree for separate support for herself and the parties' minor children, and the husband seeks modification of a Nevada divorce decree. The probate judge entered a decree granting the petition for separate support, and a decree declaring the Nevada divorce to be null and void for lack of jurisdiction and dismissing the husband's petition. A recitation of the facts is not necessary. Suffice it to say that the judge was not in error in his conclusion that the husband never intended to establish a domicil in Nevada where he procured a divorce in proceedings in which his wife refused to file an appearance. We agree with the judge that the Nevada court lacked jurisdiction. The case is governed by *Rubenstein* v. *Rubenstein,* 324 Mass. 340, 343. We see no error in the report of material facts filed by the judge concerning the separate support petition.

*Decree affirmed in each case.*

*Gerald L. Nissenbaum* for Kenneth C. Wiswall.

*Sumner Bauman,* for Lynne Wiswall, submitted a brief.

---

[1] Kenneth C. Wiswall *vs.* Lynne Wiswall.