**Lois M. SIPES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 84–2236–E(CM).**

United States District Court, S.D. California.

July 1, 1986.

---

Peter K. Nunez, U.S. Atty., and Karen M. Shichman, Asst. U.S. Atty., San Diego, Cal., for defendant.

Daniel T. Broderick, III, San Diego, Cal., for plaintiff.

## ORDER

ROGER CURTIS McKEE, United States Magistrate.

The United States' Motion for a Continuance and for a Protective Order came on for hearing on June 19, 1986 before the Honorable Roger Curtis McKee. The plaintiff, Lois M. Sipes was represented by Daniel T. Broderick, III, and the United States was represented by and through Peter K. Nunez, United States Attorney, and Karen M. Shichman, Assistant U.S. Attorney. Having duly considered the arguments of counsel and finding them to be well founded:

The United States brought a Motion for a Continuance and for a Protective Order in response to plaintiff's counsel's attempt to preclude informal contacts between one of the plaintiff's treating physicians and counsel for the United States. Plaintiff contends that treating physicians should be treated as expert witnesses, thereby precluding any informal contact by defense counsel. Counsel for the plaintiff has urged at least one treating physician to ignore all attempted verbal and written communications made by counsel for the United States. Plaintiff appears to rely exclusively upon the advisory, non-binding

Opinion, No. 1975–33, which was adopted by the Committee on Professional Ethics of the State Bar of California on June 20, 1975.

The United States argues that Federal law is controlling herein. Relying upon the Federal Rules of Evidence and Federal common law, the United States contends that treating physicians who were actors or viewers to the transactions or occurrences giving rise to the lawsuit are to be treated as ordinary fact witnesses. Accordingly, it is argued that contact with said treating physicians should be equally accessible to counsel for both parties.

■ Rule 501 of the Federal Rules of Evidence provides as follows:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof shall be determined in accordance with State law.

*Id.* Accordingly, State law is not to be applied unless the matter to be proven is an element of that state claim or defense, as distinguished from a step along the way in the proof of it. Rule 501, Federal Rules of Evidence, Report of Senate Committee on the Judiciary. Given the fact that the question of privilege in the present action is not a primary element of the relief plaintiff now seeks, federal common law is controlling. *Heathman v. United States*

*Dist. Ct. for Cent. Dist. of Cal.*, 503 F.2d 1032 (9th Cir. 1974).

■ The physician-patient privilege was unknown at federal common law. *Whalen v. Roe*, 429 U.S. 589, 602, n. 28, 97 S.Ct. 869, 877–78, n. 28, 51 L.Ed.2d 64 (1977); *Slaken v. Porter*, 737 F.2d 368, 377 (4th Cir. 1984); *In re Doe*, 711 F.2d 1187, 1193 (2d Cir. 1983). Cases which have addressed the existence of the physician-patient privilege are in agreement that by instituting a civil lawsuit in which a plaintiff places their physical condition at issue, the privilege is waived as to all communications relative to the issues in the litigation.[1]

■ Accordingly, the Court finds that there is no federal common law physician-patient privilege that prohibits the government from contact with the plaintiff's treating physicians concerning the medical issues tendered herein. The Court further rules that it is improper to name treating physicians as expert witnesses where the information and opinions possessed by said physicians was obtained by virtue of their roles as actors or viewers of the transactions or occurrences giving rise to the litigation, to wit, the care and treatment provided to the plaintiff during the pertinent time period. Said physicians are percipient fact witnesses, and as such, the information and opinions they possess should be freely accessible to both parties to the present litigation, as would be the case with any other ordinary fact witness. Rule 26, Federal Rules of Civil Procedure. An expert witness, on the other hand, should be deposed after due notice under procedures prescribed by the Federal Rules of Civil Procedure. The mere fact that a treating physician may possess opinions regarding the care and treatment provided to the plaintiff herein does not ipso facto render such a physician as an expert witness. Plaintiff's apparent attempt to immunize one known treating physician from any

1. The Court notes that it is only "confidential communications" from the patient to the physician that are privileged prior to the initiation of the lawsuit. The physician's measurement and observation, unaided by protected communications are never cloaked with the privilege.

contact by the defendant or its agents was improper.

Since plaintiff's counsel has taken affirmative steps to block access to pertinent information, the Court orders that the following procedure be followed herein:

1. Within ten (10) days from the date of this Order, counsel for the plaintiff will serve a copy of this Order, including Exhibit A, to any and all physicians to whom representations were made that such physicians were not to discuss the case informally with counsel for the United States. Plaintiff's counsel will prepare and file an appropriate proof of service of the Order and Exhibit, and provide copies of the same to the Court and the United States.

### EXHIBIT A

TO ALL TREATING PHYSICIANS:

As indicated by the Order which the Court has just made, there is no Federal statute or case law precedent which forbids you from communicating with representatives of the United States concerning the care and treatment you rendered to any patient who seeks money damages from the United States for injuries alleged to have been proximately caused by an act or omission on the part of agents or employees of the United States. The Complaint filed in the present action tenders the issues of past, present, and future physical condition of the patient/plaintiff.

By the same token, absent a subpoena or any order issued by the authority of the Court, you are not required to talk to anyone regarding these matters. Alternatively, if interviewed orally, you have the privilege of responding in writing to these inquiries.

The Court would appreciate any contribution which you might make to the litigative process, consistent, of course, with our view as to your professional duties to your patient, balanced always with the ascertainment of the truth, the ultimate object of any litigation.

