ARLETTE SCHWARTZ vs. DONALD GOLDSTEIN.

Norfolk. March 5, 1987. — June 2, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Privileged Communication. Privacy. Doctor,* Privileged communication. *Damages,* Breach of privileged communication, Privacy. *Practice, Civil,* Discovery, Instructions to jury. *Negligence,* Doctor.

Where the plaintiff at the trial of a medical malpractice action against a surgeon had introduced a videotaped deposition of her personal physician, the plaintiff was not entitled to the exclusion of testimony concerning certain prior inconsistent statements made by the physician to an insurance claims adjuster, on the ground that the statements amounted to a breach of confidentiality and an invasion of her privacy, inasmuch as the plaintiff could adequately protect her privacy and confidentiality interests by pursuing her remedies against the physician. [153-154]

There was no merit to the contention by the plaintiff in a medical malpractice case that certain testimony should have been excluded as hearsay, or, in the alternative, that a limiting instruction should have been given to the jury, where the testimony was properly admissible as a prior inconsistent statement, and where the plaintiff had made no timely request for a limiting instruction. [154]

At the trial of a medical malpractice case, the judge's unobjected-to instructions to the jury properly defined the standard of care required of a medical practitioner; furthermore, the judge did not err in declining to give certain of the plaintiff's requested instructions which either were covered in substance by the judge's charge, were not correct statements of the law, or were not warranted on the evidence. [154-155]

CIVIL ACTION commenced in the Superior Court on June 11, 1976.

The case was tried before *Paul G. Garrity,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert S. Wolfe* for the plaintiff.

*Stephen A. Moore (Kim Marrkand* with him) for the defendant.

HENNESSEY, C.J. The plaintiff appeals from a jury verdict for the defendant, arguing that the Superior Court judge erred in admitting testimony of prior inconsistent statements made by the plaintiff's physician, and erred in instructing the jury on negligence. The case was transferred to this court on our own motion. We conclude that there was no error. We affirm.

The defendant, a specialist in obstetrics and gynecology, performed a hysterectomy on the plaintiff in June, 1973. During the course of the surgery, a suture placed near the plaintiff's right ureter caused the ureter to be displaced and to kink, obstructing it. The obstruction of the ureter was discovered within a few days of the hysterectomy, and was corrected by Dr. Alan H. Bennett in a second surgical procedure on June 19, 1973. The plaintiff underwent a third surgical procedure in 1980 to relieve problems caused by damage to the ureter from the first operation. The plaintiff filed this action, alleging medical malpractice, in 1976.

1. The plaintiff introduced in evidence a videotaped deposition of Dr. Bennett. Dr. Bennett stated his opinion that "no surgeon should have placed a suture in that position." During the deposition, the defendant's attorney asked Dr. Bennett if he recalled discussing the matter previously with one Joan Holbrook Adams, a claims adjuster for the defendant's insurer. Dr. Bennett replied that he remembered no such conversations.

The defendant called Adams as a witness to impeach Dr. Bennett's testimony by his prior inconsistent statements. Adams testified that Dr. Bennett had told her that "he felt that there was no malpractice" in the surgery that was done, and that "the case should be thrown out."

The plaintiff argues that, because the prior conversations between Adams and Bennett were a breach of confidentiality and an invasion of privacy, evidence of those conversations should not be admissible at trial. In essence, the plaintiff urges that we adopt a rule of exclusion. We decline to impose such an extraordinary remedy.

The plaintiff is correct in asserting that she has an interest in maintaining the confidentiality of information obtained by her physician in treating her. *Tower* v. *Hirschhorn*, 397 Mass.

581, 586-587 (1986); *Alberts* v. *Devine*, 395 Mass. 59, 68, cert. denied sub nom. *Carroll* v. *Alberts*, 474 U.S. 1012 (1985); *Bratt* v. *International Business Machs. Corp.*, 392 Mass. 508, 522-524 (1984). The remedy for a breach of the physician's duty of confidentiality lies in an action for damages against the physician, not in the extreme sanction of an exclusionary rule. See *Tower* v. *Hirschhorn, supra* at 588; *Alberts* v. *Devine, supra* at 69; *Bratt* v. *International Business Machs. Corp., supra* at 522-524. We also recognize that an opposing party should not be free to engage in clandestine, unauthorized conferences with a plaintiff's physician. See *Tower* v. *Hirschhorn, supra* at 588 n.9. See also *Hammonds* v. *Aetna Casualty & Sur. Co.*, 243 F. Supp. 793, 805 (N.D. Ohio 1965); *Petrillo* v. *Syntex Laboratories, Inc.*, 148 Ill. App. 3d 581, 610 (1986); *State* v. *Alby*, 125 Wis. 2d 468, 473-474 (1985). We conclude that the plaintiff's interests are protected by the rules governing discovery, and by the causes of action for invasion of privacy and breach of the duty of confidentiality. See *Tower* v. *Hirschhorn, supra* at 585-588; *Alberts* v. *Devine, supra* at 70-71; *Bratt* v. *International Business Machs. Corp., supra* at 523-524.

2. The plaintiff argues that Adams' testimony concerning her conversations with Dr. Bennett should have been excluded as hearsay, or in the alternative, the judge was required to give a limiting instruction to the jury. This argument is without merit. Adams' testimony was properly admissible as a prior inconsistent statement made by Dr. Bennett, and the judge properly overruled the plaintiff's objection on hearsay grounds. *Robinson* v. *Old Colony St. Ry.*, 189 Mass. 594, 596 (1905). Furthermore, the plaintiff did not request that a limiting instruction be given, and therefore cannot claim error in that no such instruction was given. *Commonwealth* v. *Costa*, 354 Mass. 757 (1968). There was no error.

3. The plaintiff's final ground of appeal is that the judge's instructions on negligence constituted reversible error. During his instructions, the judge reversed the names of the parties, and was immediately corrected. The judge stated that his slip of the tongue, while a mistake, was probably not negligence.

Later, a juror asked, "if we were to look at whether an error was made and determine that that was not a negligent error, are we then precluded from assigning any damages at all to that?" The judge responded in the affirmative. The plaintiff argues that the judge's instructions led the jury to conclude that negligence required a higher form of misconduct, such as recklessness, than actually is required in the law.

We note that the plaintiff did not object to the judge's instructions. Even if the plaintiff had objected, we would find no error in the judge's instructions. The judge properly defined the standard: "A doctor undertakes to use a reasonable degree of care such as ordinarily possessed by others providing medical care and treatment, having regard to the current state of care and treatment to patients in hospitals, but he does not warrant a cure or guarantee [a] good result." See *Brune* v. *Belinkoff*, 354 Mass. 102, 109 (1968); *Riggs* v. *Christie*, 342 Mass. 402, 405-406 (1961).

The plaintiff also contends that the judge erred in declining to give certain of her requested instructions. We disagree. The plaintiff's requested instructions either were covered in substance by the judge's charge, were not correct statements of the law, or were not warranted on the evidence. There was no error.

*Judgment affirmed.*