Merrick, PJ.
This is a Dist./Mun. Cts. R.AD.A, Rule 8C appeal by the plaintiff-landlord of a judgment for the defendant on both the plaintiffs summary process complaint for possession, and the tenant’s G.L.c. 93A counterclaim.
Since 1991, the defendant (the ‘Tenant”) has leased a single room, with access to common area bathrooms and kitchens, at a facility operated by the Cambridge YWCA (the “Landlord”). Viewing the evidence in the light most favorable to the Tenant, Hartford Cas. Ins. Co., v. New Hampshire Ins. Co., 417 Mass. 115, 123 (1994), the trial judge could have found that despite repeated complaints by the Tenant to the Landlord, the sanitary condition of the common area bathrooms and kitchens steadily deteriorated from 1993 onward. The offensive conditions included extremely moldy shower stalls and shower curtains, which required the Tenant to go elsewhere to bathe; uncollected garbage; rotten food left in refrigerators; insect infestation; urine and feces in kitchen and bathroom sinks and trash receptacles; and a general failure to maintain stoves, refrigerators and bathtubs in a sanitary condition. In 1995, the Tenant sent a very specific and detailed letter of complaint to the Landlord, and in 1996, the Landlord was cited by the Cambridge Department of Inspectional Services. The conditions were not corrected. In the Fall of 1996, the Tenant notified the Landlord that she was withholding her portion of the rent.[1] This summary process action for possession followed. The defendant filed counterclaims relating to the conditions recited above. After trial, the court made a finding for the Tenant on both the complaint and her counterclaim, and assessed damages against the Landlord in the amount of $9,636.00 plus attorney’s fees. On this appeal, the Landlord challenges several evidentiary rulings made by the trial court as well as the sufficiency of the evidence to support the court’s assessment of damages on the Tenant’s G.Lc. 93A counterclaim.[2]
1. Several photographs of conditions in the common bathroom and kitchen were admitted into evidence over the Landlord’s objection. The Tenant testified *243 that she took them at various times between early 1995-and May or June of 1997. The Landlord objected that the Tenant was unable to testify more precisely as to the time that she took the photographs. The general rule is that
[t]o be admissible in evidence, a photograph must be shown to be accurate and bear enough similarity to circumstances at the time in dispute to be relevant and helpful to the jury in its deliberations. [Citations omitted]. The admissibility of photographs, as with other rulings on evidence, is largely committed to the discretion of the trial judge.
Henderson v. D'Annolfo, 15 Mass. App. Ct. 413, 429 (1983), citing Commonwealth v. Noxon, 319 Mass. 495, 536-537 (1946). The relevant time in the present case was not the day of a particular incident, as in the cases cited by the Landlord, but the entire period of time over which, as the Tenant alleged, the housing conditions were deteriorating. The photographs were properly admitted.
2. The Landlord also objected to the exclusion of a certain document which was identified by Landlord’s counsel as a “housekeeping cleaning schedule,” and offered as a business record under G.L.c. 233, §78. The business records exception to the hearsay rule is predicated on the presumed reliability of such records which arises from the circumstances of their creation and use. “Reliability is presumed because entries in these records are routinely made by those charged with the responsibility of making accurate entries and are relied on in the course of doing business.” Commonwealth v. LaPlante, 416 Mass. 433, 442 (1993). See also, Wingate v. Emery Air Freight Corp, 385 Mass. 402, 406 (1982).
“Generally, for documents (including business records) to be admissible, regardless of the purpose for which they are being offered, they must be identified, shown to be relevant, and authenticated by a witness who is familiar with them.” Commonwealth v. Duddie Ford, Inc., 28 Mass. App. Ct. 426, 435 (1990). In the instant case, there was no authentication at all of the purported housekeeping schedule at the time it was excluded. The only foundation offered in any form was the following testimony of the Landlord's facilities manager:
“Q. Mr. Felder, do you know where this document came from?
“A It could have come from any - from, it probably is from the YWCA”
In the absence of a suitable foundation for the document’s admission into evidence, it was properly excluded by the trial judge.
3. The Landlord’s third evidentiary objection was to the admission of a certain memorandum which Lynn Lahey, the Landlord’s Director of Residential Services, identified during her testimony as a memorandum from her predecessor as Director, Helen Siciliano. The June 26, 1996 memorandum was addressed to all residents and indicated that copies were to be sent to specified employees, including Ms. Lahey. Lahey testified that she had received the memorandum,[3] which described some of the unsanitary conditions involved here and urged residents to cease the activities which created those conditions. The letter was offered by the Tenant solely for the purpose of establishing notice and was, therefore, not hearsay. Commonwealth v. Fourteen Thousand Two Hundred Dollars, 421 Mass. 1, 5 (1995), citing P.J. LIACOS, MASSACHUSETTS EVIDENCE 428 (6th ed. 1994) (“An extrajudicial statement is not hearsay when offered to prove that the person to whom it was addressed had notice or knowledge of the contents of the statement”). See also Slater v. Burnham Corp., 4 Mass. App. Ct. 791 (1976). The *244 memorandum also tended to impeach Lahe/s earlier testimony that she was unaware of the conditions described in the document. See Schwartz v. Goldstein, 400 Mass. 152, 154 (1987); Commonwealth v. Basch, 386 Mass. 620, 623 (1982). The memorandum was properly admitted into evidence.
4. There was also no error in the court’s exclusion of a “Resident Manual” on the grounds that it was not provided by the Landlord, as it should have been, in response to a request for production of documents by the Tenant. The exclusion was a permissible penalty under Rule 7(d)(2) of the Uniform Summary Process Rules which expressly authorizes as a discovery sanction an order “prohibiting the party from introducing designated matters in evidence.” A Rule 7 (d) sanction, like its counterpart under Mass. R. Civ. R, Rule 37, is a matter resting entirely within the trial judge’s discretion. Mohamed v. Fast Forward, Inc., 41 Mass. App. Ct. 643, 648 (1996). Although the single case relied upon by the Landlord is one in which the judge exercised his discretion to admit rather than exclude evidence, it stands for exactly that proposition. Cox v. New England Tel. & Tel. Co., 414 Mass. 375, 390-391 (1993).
Moreover, even if the exclusion of the Manual had been erroneous, the Landlord has failed to satisfy its additional burden of demonstrating that the exclusion prejudiced this case. G.E.B. v. S.R.W., 422 Mass. 158, 169 (1996); Cohen v. Liberty Mut. Ins. Co., 41 Mass. App. Ct. 748, 752 (1996). The pertinent contents of the Manual are not included in the record, and in the absence of an offer of proof by the Landlord, the exclusion cannot be said to have “injuriously affected the substantial rights of the parties” so as to warrant a new trial. G.L.c. 231, §110.
5. Finally, the Landlord claims that the evidence was insufficient to support either the judge’s finding of single damages for the breach of the warranty of habitability which formed the basis of the Tenant’s G.L.c. 93A claim, or for a doubling of those damages for the Landlord’s willful and knowing violation. The Landlord argues that the judge’s adoption without change of the Tenant’s twenty-three Requests for Findings of Fact in their entirety requires us to apply a “stricter scrutiny” to the judge’s findings “which fail to evidence ‘a badge of personal analysis.’” Cormier v. Carty, 381 Mass. 234, 237 (1980).
First, “stricter scrutiny” of findings does not alter the “clearly erroneous” or sufficiency of the evidence standards of review. “[Ejven in the event of verbatim adoption of a submission of counsel, an appellate court ‘carefully scrutinizes the record, but does not change the standard of review.’” Anthony’s Pier Four, Inc. v. HBC Assoc., 411 Mass. 451, 465 (1991). Indeed, the rationale for a “stricter scrutiny” has little application to a jury-waived trial in the District Court wherein a judge is not required to make any findings at all. Mass. R. Civ. P., Rule 52(c). The Lenco Pro. Inc. v. Guerin, 1998 Mass. App. Div. 10, 12.
With respect to damages,
[i]t is of course true that [they] must be reasonably ascertainable from the evidence. ... But the fact that there is an element of uncertainty in their assessment is not a bar to recovery. ...The amount of damages seldom can be proved with the exactness of mathematical demonstration. Much must be left to estimate and judgment, sometimes upon meager evidence.
Agoos Leather Cos. v. American & Foreign Ins. Co., 342 Mass. 603, 608 (1961). The trial judge determined the damages herein by assigning 10% as the percentage by which the Tenant’s use and enjoyment of the premises had been reduced by unsanitary conditions in the common kitchen and bathroom areas. This is precisely the way to assess damages from a breach of the warranty of habitability, McKenna v. Begin, 5 Mass. App. Ct. 304, 310-311 (1977), or single damages under *245 G.L.c. 93A arising out of such a breach.[4] Although the issues were contested by the Landlord, there was ample testimony to support findings by the trial court that the Tenant repeatedly notified the Landlord of the recurring and even worsening conditions from the beginning of 1993, and that the Landlord’s continued failure to correct them was willful and knowing so as to justify an award of double damages herein.
6. In our discretion', we consider an award of appellate counsel fees pursuant to G.L.C. 93A to be appropriate in the circumstances of this case. Patry v. Liberty Mobilehome Sales, Inc., 394 Mass. 270, 272 (1985). We authorize the trial judge to make that award upon motion by the Tenant.
The trial court’s finding for the defendant-tenant is affirmed. The plaintiff’s appeal is dismissed.
So ordered.

The Tenant has a Section 8 rent subsidy under which a portion of her rent was paid by the Cambridge Housing Authority. Any counterclaim damages, however, were properly based on the full rent. Cruz Management Co. v. Wideman, 417 Mass. 771, 774-775 (1994).

 The parties have not raised or briefed any issue concerning the applicability of G.Lc. 93A to the plaintiff, a charitable corporation. See Linkage Corp. v. Trustees of Boston University, 425 Mass. 1, 23-27 (1997); Missett v. Cardinal Cushing High School, 43 Mass. App. Ct. 5, 11 (1997).

 This was sufficient authentication. Given Lahey’s testimony and the fact, apparent on the face of the memorandum, that Lahey was one of its recipients rather than its author, Tenant’s counsel’s misstatement to the contrary is without significance.

 The Landlord does not dispute that “violations in common areas which detract from a tenant’s use and enjoyment of the portion of the premises leased to him can [but need not] result in damages against the landlord.” McKenna v. Begin, supra at 312. Nor is there any suggestion in this case that the trial judge was unaware that “not every defect gives rise to a diminution in rental value, and it has ben held that isolated violations may be found not to constitute a breach of the warranty of habitability.” Id. at 308.