**Richard NEUBECK, Plaintiff,**

v.

**Irene LUNDQUIST, Defendant.**

**Civ. No. 98–380–P–C.**

United States District Court, D. Maine.

June 14, 1999.

John P. McVeigh, Timothy J. Bryant, Preti, Flaherty, Beliveau, Pachios, & Haley, LLC, Portland, ME, for plaintiff.

Linda Monica, Christopher B. McLaughlin, Verrill & Dana, LLP, Portland, ME, for defendants.

*MEMORANDUM DECISION ON
DISCOVERY DISPUTE*

DAVID M. COHEN, United States
Magistrate Judge.

This case, in which the plaintiff invokes this court's jurisdiction on the basis of diversity of citizenship, involves allegations of undue influence, self-dealing by a fiduciary and fraud. Complaint (Docket No. 1) at 3–6. The plaintiff is the personal representative of the estate of Aili L. Kenny, who established the trust that is the primary subject of the complaint. The defendant is the current trustee and beneficiary of the trust.

The pending dispute was the subject of a telephone hearing on June 9, 1999. *See* Report of Hearing and Order Re: Discovery Dispute (Docket No. 13). The dispute involved the contacting by defense counsel of a physician who had treated Kenny without notice to the plaintiff, resulting in the execution of an affidavit by the physician, whom the defendant intends to designate as an expert witness for trial. The plaintiff's attorney, upon learning of this contact, sent the physician a letter informing him that any further contact with defense counsel without the approval of the plaintiff would violate the physician-patient privilege. The defendant's attorney wishes to have further *ex parte* contact with the physician and notes that Kenny's mental state has been put in issue by the plaintiff's complaint. Despite their good faith effort to do so, counsel have been unable to resolve their dispute. In accordance with the previous Order, defense counsel has provided the court with a copy of Opinion # 82 (1987) of the Professional Ethics Commission of the Maine Board of Overseers of the Bar.

■ This is a proceeding in the federal courts governed by the federal procedural rules. In this diversity-based case involving the application of Maine substantive law, Fed.R.Evid. 501 provides that the Maine rule on physician-patient privilege, *i.e.* M.R.Evid. 503, applies. That Maine rule makes clear that the privilege may be claimed by the personal representative of the estate of a deceased patient, as is the case here. While no reported decision of this court or of the First Circuit squarely addresses the issue raised here, many other courts have done so, although the outcomes have differed.

A thorough summary of the reported case law dealing with this issue is provided in *Horner v. Rowan Cos.,* 153 F.R.D. 597, 599–601 (S.D.Tex.1994). In that case, the court held that

> the appropriate rule should prohibit private *ex parte* interviews between defense counsel and plaintiff's treating physicians unless, with advance notice thereof, plaintiff specifically and unconditionally authorizes same; this is the only way in which the physician/plaintiff privilege can be held inviolate.

153 F.R.D. at 601. The court recognized that Texas law creates a waiver of the privilege, "but only as to communications or records relevant to the issue of a plaintiff's medical condition when litigation relative to that condition is instituted." *Id.* Requiring contact with the treating physician to occur only in the context of formal discovery, the court reasoned,

> relieves the physician of [the] responsibility [of determining what information remains privileged], protects him from inadvertent liability, and protects any information still privileged by assuring plaintiff's representative will be in a position to timely assert the privilege where appropriate.

*Id.* at 601–02. Similarly, the Indiana Court of Appeals in *Becker v. Plemmons,* 598 N.E.2d 564 (Ind.App.1992), held that the trial court did not err in refusing to allow the defendant's lawyer to engage in *ex parte* conferences with the physician who had treated plaintiff's decedent. *Id.* at 568–69. Noting that the defendant was not prevented from using authorized methods of discovery to obtain information from the physician, the court relied on the lack of a procedural rule authorizing such *ex parte* contact and the fact that information unrelated to the cause of action remains privileged. *Id.* at 569. *Accord, Petrillo v. Syntex Labs., Inc.,* 148 Ill.App.3d 581, 102 Ill.Dec. 172, 499 N.E.2d 952, 962–63 (1986), *superceded by statute, Kunkel v. Walton,* 179 Ill.2d 519, 228 Ill.Dec. 626, 689 N.E.2d 1047, 1050 (1997); *Schwartz*

*v. Goldstein,* 400 Mass. 152, 508 N.E.2d 97, 99 (1987); *Stoller v. Moo Young Jun,* 118 A.D.2d 637, 499 N.Y.S.2d 790, 791 (1986).

The opposite position was taken by the court in *Sipes v. United States,* 111 F.R.D. 59 (S.D.Cal.1986). In that case, counsel for the defendant objected to the attempts of the plaintiff's counsel to preclude informal contacts between one of the plaintiff's treating physicians and defense counsel. *Id.* at 60. The court held, without identifying the nature of the claim at issue in the action, that treating physicians are fact witnesses and, so long as they are not expert witnesses, should be "freely accessible to both parties ... as would be the case with any other ordinary fact witness," citing Fed.R.Evid. 501. *Id.* at 61. The court's opinion is based, in part, on its holding that it is improper to name treating physicians as expert witnesses, and assumes that counsel will not ask the treating physician about communications not relative to the issues in the litigation. *Id.* I disagree with the holding and prefer not to engage in the assumption, given the fact that an individual untrained in the law is the person who will be interviewed.

■ I am persuaded that, in order to preserve the integrity of the privilege, a defendant must be limited to the formal mechanisms of discovery provided by the Federal Rules of Civil Procedure absent the express consent of a plaintiff, or, as here, a plaintiff's personal representative, to counsel's *ex parte* contact with a decedent's treating physician. Even though the privilege is waived as to issues put into play by the litigation—here, the decedent's mental competence—the waiver is limited and a non-lawyer treating physician could easily be confused about the extent to which the waiver applies, unintentionally disclosing privileged information not relevant to any issue in the case. Restricting a defendant's access to formal methods of discovery protects against that possibility and in so doing preserves the integrity of the privilege. *Horner,* 153 F.R.D. at 601.[1] The fact that the defendant chooses to name the treating physician as an expert witness makes no difference under the circum-

stances. To hold otherwise would allow defense counsel unfettered *ex parte* access to all of a plaintiff's treating physicians merely by naming them as potential expert witnesses, a step that does not obligate the naming party to call the witness to testify at trial.

The Maine ethics opinion provided by the defendant's attorney is not to the contrary. It simply points out that the Maine Bar Rules do not prohibit *ex parte* contact between treating physicians and defense counsel, making clear that the Board cannot decide the policy question raised by such contact. Opinion at O–289—O–291 (noting that a "greater number of courts have ruled that such *ex parte* contacts with a plaintiff's physician are impermissible"). It is appropriate for this court to decide that question at this time. *See Roosevelt Hotel Ltd. Partnership v. Sweeney,* 394 N.W.2d 353, 355–56 (Iowa 1986).

Defense counsel has not engaged in any sanctionable conduct with respect to contact with Dr. Keith Buzzell. However, any further contact between defense counsel and any physician who has treated the plaintiff's decedent, other than those pursued through formal discovery, may only occur after notification to, and with the approval of, the plaintiff.

---

1. My citation to *Horner* and its excellent discussion of the case law available on this issue should not be taken to suggest that the conduct of defense counsel in the case at hand was in any respect like the egregious conduct of defense counsel in that case.