Violet **BENALLY** et al., Plaintiff,

v.

**UNITED STATES of America, Defendant.**

No. CIV01–2542–PHX–MHM.

United States District Court,
D. Arizona.

June 12, 2003.

William R. Hobson, Esq, Law Office of William R. Hobson, Tempe, AZ, Walter Gilmore Shaw, Yarnell, AZ, Kevin Koelbel, Lisa Jeanette Counters, Counters & Koelbel PC, Tempe, AZ, for plaintiff.

Michael R. Arkfeld, Esq, Harriet M. Bernick, U.S. Attorney's Office, Phoenix, AZ, for defendant.

## ORDER

MURGUIA, District Judge.

Pending before this Court is Defendant United States of America's Motion in Limine (Dkt.# 27) to permit it to contact Dr. Donna Carman, Plaintiff's treating physician, *ex parte.*

## I. Factual Background

Plaintiff alleges that an employee of the Indian Health Service left a towel inside her abdomen after he performed a Cesarean section, resulting in damage to her intestine, portions of which required removal. Plaintiff's treating physician, Dr. Donna Carman, is expected to offer testimony as a fact witness, regarding the care rendered by the surgeon who performed the Cesarean, the medical treatment that she provided to Plaintiff, and Plaintiff's multiple revision surgeries.

By its motion in limine, Defendant seeks to interview Dr. Carman, an employee of the United States' government, *ex parte,* in advance of her deposition. Plaintiff objects to this *ex parte* contact with her treating physician, and proposes that the parties interview Dr. Carman concurrently, before her deposition.

## II. Standard of Review

■ There is no physician-patient privilege under federal statutes, rules or common law. *See Gilbreath v. Guadalupe Hospital Foundation, Inc.,* 5 F.3d 785, 791 (5th Cir. 1993).

Under the Federal Tort Claims Act, 28 U.S.C. § 2671, state law dictates federal liability. *See* 28 U.S.C. § 2674. Under Rule 501 of the Federal Rules of Evidence, "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof shall be determined in accordance with state law." Fed. Evid. Rule 501. The state of Arizona recognizes the physician-patient privilege. *Duquette v. Superior Court,* 161 Ariz. 269, 778 P.2d 634 (Ariz.App.1989).

## III. Discussion

By its motion in limine, Defendant seeks to interview Plaintiff's treating physician *ex parte* in advance of the treating physician's deposition.

The government argues that courts have held that federal common law permits *ex parte* contact with treating physicians, and it

asks this Court to follow the reasoning of those courts. *See Sipes v. United States,* 111 F.R.D. 59, 61 (S.D.Cal.1986) (holding that federal common law allows *ex parte* interviews as discovery tool, and controls even when state law supplies the rule of decision); *Filz v. Mayo Foundation,* 136 F.R.D. 165 (D.Minn.1991) (holding that Minnesota law prohibiting *ex parte* interviews was not integral to its privilege law, but was merely procedural rule and therefore not controlling in diversity action, and the federal rules allow *ex parte* interviews as "method of informal discovery.").

Plaintiff objects to this *ex parte* contact with her treating physician in the absence of her consent, on the ground that the controlling Arizona law prohibits such *ex parte* contact, and the greater weight of federal authority "appears to suggest that such *ex parte* contacts may not be had absent such consent." *See, e.g., Neubeck v. Lundquist,* 186 F.R.D. 249 (D.Me.1999)(holding that preservation of the integrity of Maine privilege law limits defendant to formal mechanisms of discovery provided by federal rules, which do not allow *ex parte* interviews absent consent); *Harlan v. Lewis,* 141 F.R.D. 107 (E.D.Ark.1992) (holding that Arkansas privilege law and public policy considerations prohibit *ex parte* interviews), *aff'd* 982 F.2d 1255 (8th Cir.1993).

Plaintiff has filed a complaint pursuant to 28 U.S.C. § 2671, the Federal Tort Claims Act. Under the Federal Tort Claims Act, state law provides the rule of decision. 28 U.S.C. § 2674; *Transco Leasing Corp. v. United States,* 896 F.2d 1435, 1450 (5th Cir. 1990).

■ Federal Evidence Rule 501 provides as follows:

[W]ith respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government. State or political subdivision thereof shall be determined in accordance with state law.

Fed. Evid. R. 501. Consequently, state law dictates the existence and scope of any physician-patient privilege in this case. *See Mac-Donald v. United States,* 767 F.Supp. 1295,

1298 n. 3 (M.D.Pa.1991) (state law controls whether *ex parte* interviews are permitted in discovery of claims brought under the Federal Tort Claims Act), *aff'd without decision,* 983 F.2d 1051 (3d Cir.1992). This Court does not find persuasive the reasoning in *Sipes v. United States,* 111 F.R.D. 59 (S.D.Cal.1986), which held that federal common law dictates the existence of a privilege under Federal Evidence Rule 501 (and allows *ex parte* interviews), even in cases where state law provides the rule of decision. *See id.* at 65. The court reasoned that Evidence Rule 501 does not require state law to dictate the question of whether such *ex parte* interviews may be conducted as part of discovery, even when state law applies the rule of decision, because the "question of privilege is not a primary element of the relief," but rather only "a step along the way in proof of it." *See id.* This Court interprets Federal Evidence Rule 501 to direct that the Court apply the state law of privilege to discovery issues when state law provides the rule of decision in the case as a whole. *See* Fed. Evid. R. 501. Accordingly, this Court holds that Arizona law dictates the existence and scope of the physician-patient privilege in this case. *See MacDonald,* 767 F.Supp. at 1298 n. 3.

■ As acknowledged by both parties, the state of Arizona recognizes the physician-patient privilege, and interprets the privilege to prohibit *ex parte* interviews by defendant's counsel of plaintiff's treating physicians, as a matter of public policy and as a means to preserve the integrity of the privilege. *See Duquette v. Superior Court,* 161 Ariz. 269, 778 P.2d 634 (Ariz.App.1989). No federal procedural rule explicitly permits or prohibits such *ex parte* interviews. *See Filz v. Mayo Foundation,* 136 F.R.D. at 173. Generally, the courts have allowed such *ex parte* interviews only because the controlling state law does not provide for such a privilege and the federal rules do not expressly preclude such interviews. *See, e.g., Felder v. Wyman, M.D.,* 139 F.R.D. 85, 87–91 (D.S.C.1991) (interpreting South Carolina privilege law and the absence of a prohibition in the federal rules to allow *ex parte* interviews). Under the circumstances presented here, where the state law provides the rule of decision, and Arizona law of physician-patient privilege ex-

pressly prohibits *ex parte* interviews of treating physicians as a matter of public policy and to preserve the integrity of the privilege, this Court declines to allow the *ex parte* interview by counsel for the United States of Plaintiff's treating physicians. *See, e.g., Harlan v. Lewis,* 141 F.R.D. 107 (citing public policy considerations supporting prohibition), *aff'd,* 982 F.2d 1255 (8th Cir.1993).

Accordingly,

**IT IS HEREBY ORDERED** denying the United States of America's Motion in Limine (Dkt.# 27).